IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RONNY LENIN VEGA DUTAN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-132-KC |
| § | |
| ERICA ESTRADA et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Ronny Lenin Vega Dutan's Petition for a Writ of Habeas Corpus, ECF No. 1. Vega Dutan is detained at the El Paso Processing Center in El Paso, Texas. Mem. ¶ 1, ECF No. 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 24–43; Pet. ¶ 15.

Vega Dutan is a citizen of Ecuador who entered the United States on October 17, 2023. Mem. ¶ 8. Customs and Border Protection ("CBP") immediately detained Vega Dutan and he sought asylum. *Id.* On July 22, 2024, an Immigration Judge ("IJ") denied Vega Dutan's asylum application, but granted him deferral of removal under the Convention Against Torture ("CAT"). *Id.* ¶ 9. Immigration and Customs Enforcement ("ICE") appealed the CAT grant, and the Board of Immigration Appeals ("BIA") dismissed the appeal on January 28, 2025. Thus, Vega Dutan's order of removal, to any country other than Ecuador, became final on that date. *Id.* ¶ 10. ICE then attempted to remove Vega Dutan to Mexico but "was denied due to Mexico not accepting Ecuadorian civilians of any kind." *Id.* ¶ 11. Vega Dutan has remained in custody since he first entered the country over two years ago. *Id.*

On January 26, 2026, the Court found that "[i]f these allegations are true, Vega Dutan likely meets his burden of proving 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Jan. 26, 2026, Order 3, ECF No. 3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Vega Dutan's removal is likely in the reasonably foreseeable future or deporting him." *Id.*

In response, Respondents conceded that Vega Dutan has been detained in the post removal order context since January 31, 2025, when the BIA upheld his grant of relief under CAT to Ecuador. Resp. Ex. A ("Molina Decl.") ¶¶ 14–15, ECF No. 6-1. But stated that since then, Respondents made efforts to remove Vega Dutan to El Salvador, Guatemala, Costa Rica, Mexico, and Chile. *Id.* ¶¶ 16–20, 24. El Salvador, Guatemala, Costa Rica, and Mexico all denied the requests to accept Vega Dutan. *Id.* ¶¶ 22, 27. But because the request with Chile remained pending and left open one more avenue for Vega Dutan's lawful removal, the Court found an additional status update was warranted. Feb. 3, 2026, Order, ECF No. 8.

In that status update, filed February 24, Respondents state that they last requested an update from the government of Chile on June 6, 2025. Resp. 1, ECF No. 13. "However, since, it has now been over 30 days, the request is determined to be denied." *Id.* And Respondents have done little else in recent months to effect Vega Dutan's removal. On January 16, 2026, Respondents implemented an "internal temporary stay of removal" based on an unspecified Office of Professional Responsibility investigation, which was lifted five days later. Resp. Ex. A ("Ramirez Decl.") ¶¶ 33–34, ECF No. 13-1. Respondents attempted to remove Vega Dutan to Mexico again, but "Mexico has denied acceptance." *Id.* ¶ 35. Finally, no other potential third

countries have been identified and Respondents "do not have an anticipated timeline for Vega Dutan's removal from the United States." *Id.* ¶ 37.

In sum, Respondents have not shown any reasonable likelihood of removing Vega Dutan. *See generally* Ramirez Decl. Respondents cannot remove Vega Dutan to Ecuador, as the BIA upheld his CAT grant. *Id.* ¶ 15. Respondents cannot remove him to El Salvador, Guatemala, Costa Rica, Chile, or Mexico. *Id.* ¶¶ 22, 35; *see also* Resp. 1. Respondents have not identified any other potential third country for removal. *See generally* Ramirez Decl. And Respondents themselves acknowledge that they do not have an anticipated timeline to remove Vega Dutan. *Id.* ¶ 37. Vega Dutan has now been in immigration detention for over two years and four months. And he has been in detention in the post removal order context for just over one year. Still, the Government cannot provide any description of concrete ongoing efforts to remove Vega Dutan, nor any estimate of when removal may occur. This is precisely the type of open-ended detention, with no clear end point, that is impermissible under *Zadvydas*.

Thus, the burden to show a significant likelihood of removal in the reasonably foreseeable future has shifted to Respondents, and they have failed to carry it. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. The Court **ORDERS** that, <u>on or before March 4, 2026</u>, Respondents shall **RELEASE** Vega Dutan from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before March 4, 2026</u>, Respondents shall **FILE** notice informing the Court whether Vega Dutan has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the March 4, 2026, deadlines.**

SO ORDERED.

SIGNED this 25th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE